UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DIETGOAL INNOVATIONS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ARBY'S RESTAURANT GROUP, INC., *et al.*,<br><br>    Defendants. | Civil Action No. 2:11-CV-00418<br><br>**Jury Trial Demanded** |

**SUBWAY'S ANSWER AND COUNTERCLAIMS TO
DIETGOAL INNOVATIONS LLC'S
<u>SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

Defendant Doctor's Associates, Inc. d/b/a Subway ("Subway") files its Answer and Counterclaims to Plaintiff DietGoal Innovations LLC's ("DietGoal's") Second Amended Complaint for Patent Infringement ("Complaint"). Subway denies the allegations and characterizations in DietGoal's Complaint unless expressly admitted in the following paragraphs:

1.  Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 1 and therefore denies the same.

2.  Paragraph 2 does not require a response by Subway. To the extent that Paragraph 2 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 2 and therefore denies the same.

3.  Paragraph 3 does not require a response by Subway. To the extent that Paragraph 3 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 3 and therefore denies the same.

4.  Paragraph 4 does not require a response by Subway. To the extent that Paragraph 4 is deemed to require a response, Subway lacks knowledge sufficient to confirm or

deny the allegations of Paragraph 4 and therefore denies the same.

    5.    Paragraph 5 does not require a response by Subway.  To the extent that Paragraph 5 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 5 and therefore denies the same.

    6.    Paragraph 6 does not require a response by Subway.  To the extent that Paragraph 6 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 6 and therefore denies the same.

    7.    Paragraph 7 does not require a response by Subway.  To the extent that Paragraph 7 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 7 and therefore denies the same.

    8.    Paragraph 8 does not require a response by Subway.  To the extent that Paragraph 8 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 8 and therefore denies the same.

    9.    Paragraph 9 does not require a response by Subway.  To the extent that Paragraph 9 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 9 and therefore denies the same.

    10.    Paragraph 10 does not require a response by Subway.  To the extent that Paragraph 10 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 10 and therefore denies the same.

    11.    Paragraph 11 does not require a response by Subway.  To the extent that Paragraph 11 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 11 and therefore denies the same.

    12.    Paragraph 12 does not require a response by Subway.  To the extent that

Paragraph 12 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 12 and therefore denies the same.

13. Paragraph 13 does not require a response by Subway. To the extent that Paragraph 13 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 13 and therefore denies the same.

14. Paragraph 14 does not require a response by Subway. To the extent that Paragraph 14 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 14 and therefore denies the same.

15. Paragraph 15 does not require a response by Subway. To the extent that Paragraph 15 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 15 and therefore denies the same.

16. Paragraph 16 does not require a response by Subway. To the extent that Paragraph 16 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 16 and therefore denies the same.

17. Paragraph 17 does not require a response by Subway. To the extent that Paragraph 17 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 17 and therefore denies the same.

18. Paragraph 18 does not require a response by Subway. To the extent that Paragraph 18 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 18 and therefore denies the same.

19. Paragraph 19 does not require a response by Subway. To the extent that Paragraph 19 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 19 and therefore denies the same.

20. Paragraph 20 does not require a response by Subway. To the extent that Paragraph 20 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 20 and therefore denies the same.

21. Paragraph 21 does not require a response by Subway. To the extent that Paragraph 21 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 21 and therefore denies the same.

22. Paragraph 22 does not require a response by Subway. To the extent that Paragraph 22 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 22 and therefore denies the same.

23. Paragraph 23 does not require a response by Subway. To the extent that Paragraph 23 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 23 and therefore denies the same.

24. Paragraph 24 does not require a response by Subway. To the extent that Paragraph 24 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 24 and therefore denies the same.

25. Paragraph 25 does not require a response by Subway. To the extent that Paragraph 25 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 25 and therefore denies the same.

26. Paragraph 26 does not require a response by Subway. To the extent that Paragraph 26 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 26 and therefore denies the same.

27. Paragraph 27 does not require a response by Subway. To the extent that Paragraph 27 is deemed to require a response, Subway lacks knowledge sufficient to confirm or

deny the allegations of Paragraph 27 and therefore denies the same.

28. Paragraph 28 does not require a response by Subway. To the extent that Paragraph 28 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 28 and therefore denies the same.

29. Paragraph 29 does not require a response by Subway. To the extent that Paragraph 29 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 29 and therefore denies the same.

30. Paragraph 30 does not require a response by Subway. To the extent that Paragraph 30 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 30 and therefore denies the same.

31. Subway admits it is a Florida corporation with a principal place of business at 325 Bic Dr., Milford, Connecticut 06461-3072. Subway also admits it may be served with process through its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Except as expressly admitted herein, Subway denies each and every allegation of Paragraph 31.

32. Paragraph 32 does not require a response by Subway. To the extent that Paragraph 32 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 32 and therefore denies the same.

33. Paragraph 33 does not require a response by Subway. To the extent that Paragraph 33 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 33 and therefore denies the same.

34. Paragraph 34 does not require a response by Subway. To the extent that Paragraph 34 is deemed to require a response, Subway lacks knowledge sufficient to confirm or

deny the allegations of Paragraph 34 and therefore denies the same.

35. Paragraph 35 does not require a response by Subway. To the extent that Paragraph 35 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 35 and therefore denies the same.

36. Paragraph 36 does not require a response by Subway. To the extent that Paragraph 36 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 36 and therefore denies the same.

37. Paragraph 37 does not require a response by Subway. To the extent that Paragraph 37 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 37 and therefore denies the same.

38. Paragraph 38 does not require a response by Subway. To the extent that Paragraph 38 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 38 and therefore denies the same.

39. Paragraph 39 does not require a response by Subway. To the extent that Paragraph 39 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 39 and therefore denies the same.

40. Paragraph 40 does not require a response by Subway. To the extent that Paragraph 40 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 40 and therefore denies the same.

41. Paragraph 41 does not require a response by Subway. To the extent that Paragraph 41 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 41 and therefore denies the same.

42. Paragraph 42 does not require a response by Subway. To the extent that

Paragraph 42 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 42 and therefore denies the same.

43. Paragraph 43 does not require a response by Subway. To the extent that Paragraph 43 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 43 and therefore denies the same.

44. Paragraph 44 does not require a response by Subway. To the extent that Paragraph 44 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 44 and therefore denies the same.

45. Paragraph 45 does not require a response by Subway. To the extent that Paragraph 45 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 45 and therefore denies the same.

46. Paragraph 46 does not require a response by Subway. To the extent that Paragraph 46 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 46 and therefore denies the same.

47. Subway admits that this action arises under the patent laws of the United States, Title 35 of the United States Code. Except as expressly admitted herein, Subway denies each and every allegation of Paragraph 47.

48. Subway admits that this Court has subject matter jurisdiction over patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted herein, Subway denies each and every allegation of Paragraph 48.

49. Subway admits that the Court has personal jurisdiction over Subway and admits that it has transacted business in the Eastern District of Texas. Except as expressly admitted herein, Subway denies each and every allegation of Paragraph 49. To the extent that

Paragraph 49 is deemed to require a response with respect to the other Defendants, Subway lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

50.     Subway denies that venue is convenient in this Judicial District as to Subway, but does not contest venue over Subway in this Judicial District.  Subway further admits that it conducts business in this Judicial District but denies that Subway has committed any act of infringement (either direct, indirect, contributory, or by inducement) within the State of Texas or within this District.  Except as expressly admitted herein, Subway denies each and every allegation of Paragraph 50.  To the extent that Paragraph 50 is deemed to require a response with respect to the other Defendants, Subway lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

51.     Subway admits that U.S. Patent No. 6,585,516 (the "'516 patent") entitled "Method and System for Computerized Visual Behavior Analysis, Training, and Planning" was issued on July 1, 2003.  Subway also admits that what appears to be a copy of the '516 patent is attached to the First Amended Complaint as Exhibit A.  Except as expressly admitted herein, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 51 and therefore denies the same.

52.     Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 52 and therefore denies the same.

53.     Paragraph 53 does not require a response by Subway.  To the extent that Paragraph 53 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 53 and therefore denies the same.

54.     Paragraph 54 does not require a response by Subway.  To the extent that Paragraph 54 is deemed to require a response, Subway lacks knowledge sufficient to confirm or

deny the allegations of Paragraph 54 and therefore denies the same.

55.     Paragraph 55 does not require a response by Subway. To the extent that Paragraph 55 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 55 and therefore denies the same.

56.     Paragraph 56 does not require a response by Subway. To the extent that Paragraph 56 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 56 and therefore denies the same.

57.     Paragraph 57 does not require a response by Subway. To the extent that Paragraph 57 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 57 and therefore denies the same.

58.     Paragraph 58 does not require a response by Subway. To the extent that Paragraph 58 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 58 and therefore denies the same.

59.     Paragraph 59 does not require a response by Subway. To the extent that Paragraph 59 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 59 and therefore denies the same.

60.     Paragraph 60 does not require a response by Subway. To the extent that Paragraph 60 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 60 and therefore denies the same.

61.     Paragraph 61 does not require a response by Subway. To the extent that Paragraph 61 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 61 and therefore denies the same.

62.     Paragraph 62 does not require a response by Subway. To the extent that

Paragraph 62 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 62 and therefore denies the same.

63. Paragraph 63 does not require a response by Subway. To the extent that Paragraph 63 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 63 and therefore denies the same.

64. Paragraph 64 does not require a response by Subway. To the extent that Paragraph 64 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 64 and therefore denies the same.

65. Paragraph 65 does not require a response by Subway. To the extent that Paragraph 65 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 65 and therefore denies the same.

66. Paragraph 66 does not require a response by Subway. To the extent that Paragraph 66 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 66 and therefore denies the same.

67. Paragraph 67 does not require a response by Subway. To the extent that Paragraph 67 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 67 and therefore denies the same.

68. Paragraph 68 does not require a response by Subway. To the extent that Paragraph 68 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 68 and therefore denies the same.

69. Paragraph 69 does not require a response by Subway. To the extent that Paragraph 69 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 69 and therefore denies the same.

70. Paragraph 70 does not require a response by Subway. To the extent that Paragraph 70 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 70 and therefore denies the same.

71. Paragraph 71 does not require a response by Subway. To the extent that Paragraph 71 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 71 and therefore denies the same.

72. Paragraph 72 does not require a response by Subway. To the extent that Paragraph 72 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 72 and therefore denies the same.

73. Paragraph 73 does not require a response by Subway. To the extent that Paragraph 73 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 73 and therefore denies the same.

74. Paragraph 74 does not require a response by Subway. To the extent that Paragraph 74 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 74 and therefore denies the same.

75. Paragraph 75 does not require a response by Subway. To the extent that Paragraph 75 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 75 and therefore denies the same.

76. Paragraph 76 does not require a response by Subway. To the extent that Paragraph 76 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 76 and therefore denies the same.

77. Paragraph 77 does not require a response by Subway. To the extent that Paragraph 77 is deemed to require a response, Subway lacks knowledge sufficient to confirm or

deny the allegations of Paragraph 77 and therefore denies the same.

    78.   Paragraph 78 does not require a response by Subway. To the extent that Paragraph 78 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 78 and therefore denies the same.

    79.   Paragraph 79 does not require a response by Subway. To the extent that Paragraph 79 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 79 and therefore denies the same.

    80.   Paragraph 80 does not require a response by Subway. To the extent that Paragraph 80 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 80 and therefore denies the same.

    81.   Paragraph 81 does not require a response by Subway. To the extent that Paragraph 81 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 81 and therefore denies the same.

    82.   Subway admits that it has a website www.subway.com. Except as expressly admitted herein, Subway denies each and every allegation of Paragraph 82.

    83.   Paragraph 83 does not require a response by Subway. To the extent that Paragraph 83 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 83 and therefore denies the same.

    84.   Paragraph 84 does not require a response by Subway. To the extent that Paragraph 84 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 84 and therefore denies the same.

    85.   Paragraph 85 does not require a response by Subway. To the extent that Paragraph 85 is deemed to require a response, Subway lacks knowledge sufficient to confirm or

deny the allegations of Subway 85 and therefore denies the same.

86. Paragraph 86 does not require a response by Subway. To the extent that Paragraph 86 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 86 and therefore denies the same.

87. Paragraph 87 does not require a response by Subway. To the extent that Paragraph 87 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 87 and therefore denies the same.

88. Paragraph 88 does not require a response by Subway. To the extent that Paragraph 88 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 88 and therefore denies the same.

89. Paragraph 89 does not require a response by Subway. To the extent that Paragraph 89 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 89 and therefore denies the same.

90. Paragraph 90 does not require a response by Subway. To the extent that Paragraph 90 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 90 and therefore denies the same.

91. Paragraph 91 does not require a response by Subway. To the extent that Paragraph 91 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 91 and therefore denies the same.

92. Paragraph 92 does not require a response by Subway. To the extent that Paragraph 92 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 92 and therefore denies the same.

93. Paragraph 93 does not require a response by Subway. To the extent that

Paragraph 93 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 93 and therefore denies the same.

94. Paragraph 94 does not require a response by Subway. To the extent that Paragraph 94 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 94 and therefore denies the same.

95. Paragraph 95 does not require a response by Subway. To the extent that Paragraph 95 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 95 and therefore denies the same.

96. Paragraph 96 does not require a response by Subway. To the extent that Paragraph 96 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 96 and therefore denies the same.

97. Paragraph 97 does not require a response by Subway. To the extent that Paragraph 97 is deemed to require a response, Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 97 and therefore denies the same.

98. To the extent they relate to Subway, Subway denies each and every allegation of Paragraph 98. To the extent that Paragraph 98 is deemed to require a response with respect to the other defendants, Subway lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

99. Subway lacks knowledge sufficient to confirm or deny the allegations of Paragraph 99 and therefore denies the same.

100. Subway denies each and every allegation of Paragraph 100.

101. Paragraph 101 does not require a response by Subway.

102. Subway requests that the Court deny all relief to DietGoal, including

that requested by DietGoal in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Subway's Affirmative Defenses are listed below. Subway reserves the right to amend its Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in the case.

### FIRST DEFENSE

103.     Subway does not infringe and has not infringed any claim of U.S. Patent No. 6,585,516 (the "'516 patent") under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), literally, or under the doctrine of equivalents.

### SECOND DEFENSE

104.     The '516 patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and 112.

### THIRD DEFENSE

105.     Upon information and belief, DietGoal's claims for damages for purported patent infringement are limited by 35 U.S.C. § 287.

### FOURTH DEFENSE

106.     To the extent that DietGoal asserts that Subway indirectly infringes, either by contributory infringement or inducement of infringement, Subway is not liable to DietGoal for the acts performed before Subway allegedly knew that its actions would cause direct infringement.

**FIFTH DEFENSE**

107.     DietGoal's attempted enforcement of the '516 patent against Subway is barred by laches and estoppel.

**SIXTH DEFENSE**

108.     By virtue of the proceedings in the United States Patent & Trademark Office during the prosecution of the application that matured into the '516 patent, as illustrated by its prosecution history, DietGoal is estopped from asserting that Subway has infringed directly or indirectly, any claim of the '516 patent, either literally or under the doctrine of equivalents.

**SEVENTH DEFENSE**

109.     DietGoal's patent infringement claims are barred, at least in part, by the time limitation on damages, 35 U.S.C. § 286.

**EIGHTH DEFENSE**

110.     DietGoal is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

**NINTH DEFENSE**

111.     DietGoal's purported claims for damages and other relief resulting from alleged infringement of claims of the '516 patent as a result of Subway's actions in conjunction with the actions of other parties, which Subway specifically denies, are barred to the extent that those other parties are licensed to practice the claims of the '516 patent and/or are released from past claims of infringement of the claims of the '516 patent.

### Reservation of All Affirmative Defenses

112. Subway reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity, that may now exist or may exist in the future based on discovery and further investigation in this case.

### COUNTERCLAIMS

### The Parties

113. Counterclaim Plaintiff Subway is a Florida corporation with a principal place of business located in Connecticut.

114. On information and belief based solely on Paragraph 1 of the Complaint as pled by DietGoal, DietGoal Innovations LLC is a Texas limited liability company based in Austin, Texas.

### Jurisdiction

115. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

116. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400. Venue is further proper in the Marshall Division.

### COUNT I
### (Declaratory Relief Regarding Non-Infringement)

117. Based on DietGoal's filing of this action and Subway's First Defense, an actual controversy has arisen and now exists between the parties as to whether Subway infringes the '516 patent.

118. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Subway requests a declaration by the Court that it does not infringe any claim of the '516

patent under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), literally, or under the doctrine of equivalents.

## COUNT II
### (Declaratory Relief Regarding Invalidity)

119. Based on DietGoal's filing of this action and Subway's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '516 patent.

120. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and 35 U.S.C. § 100 *et seq*., Subway requests a declaration by the Court that the claims of the '516 patent are invalid.

## **PRAYER**

Subway respectfully requests a judgment against DietGoal as follows:

A. A declaration that each and all of the claims of the '516 patent are invalid and/or unenforceable;

B. A declaration that Subway does not infringe, under any theory, any valid claim of the '516 patent that is enforceable;

C. A declaration that DietGoal takes nothing by its Complaint;

D. Judgment denying any preliminary or permanent injunctive relief in favor of DietGoal and against Subway;

E. Judgment against DietGoal and in favor of Subway;

F. Dismissal of the Complaint with prejudice;

G. An award to Subway of its costs and attorneys' fees incurred in this action; and

H. Further relief as the Court may deem just and proper.

## **JURY DEMAND**

Subway hereby demands trial by jury on all issues so triable.

Dated:  December 5, 2011                                                     Respectfully submitted,


                                                                                   By:   /s/ Neil J. McNabnay

                                                                                          Neil J. McNabnay
                                                                                          njm@fr.com
                                                                                          Texas Bar No. 24002583
                                                                                          Thomas M. Melsheimer
                                                                                          txm@fr.com
                                                                                          Texas Bar No. 13922550
                                                                                          Chad B. Walker
                                                                                          cbwalker@fr.com
                                                                                          Texas Bar No. 24056484
                                                                                          **FISH & RICHARDSON P.C.**
                                                                                          1717 Main Street, Suite 5000
                                                                                          Dallas, TX  75201
                                                                                          (214) 747-5070 (Telephone)
                                                                                          (214) 747-2091 (Facsimile)

                                                                                          Jennifer N. Scarpati
                                                                                          scarpati@fr.com
                                                                                          **FISH & RICHARDSON P.C.**
                                                                                          601 Lexington Avenue - 52nd Floor
                                                                                          New York, NY  10022-4611
                                                                                          Telephone: (212) 641-2257
                                                                                          Facsimile: (212) 258-2291

                                                                                          **Counsel for Defendant and Counterclaim Plaintiff DOCTOR'S ASSOCIATES, INC. D/B/A SUBWAY**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 5, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

<em>/s/ Neil J. McNabnay</em>