**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DietGoal Innovations LLC,  | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 2:11-cv-00418-DF |
| | ) | Jury Trial Demanded |
| Arby's Restaurant Group, Inc.; Bojangles Restaurant, Inc.; Burger King Holdings, Inc.; Chik-Fil-A, Inc.; Culver Franchising Systems, Inc.; Doctor's Associates Inc. d/b/a Subway; International Dairy Queen, Inc.; DineWise, Inc.; Google Inc.; Jack in the Box Inc.; Jimmy John's Franchise LLC; McDonald's Corporation; Panda Restaurant Group, Inc.; Panda Express, Inc.; Sonic Corp.; Taco Bell Corp.; TCBY Enterprises, Inc.; Wawa, Inc.; Wegmans Food Markets, Inc.; Wendy's International, Inc.; Whole Foods Market, Inc.; Bon Appetit Management Company; Daily Burn, Inc.; Harvest Farms; Hearst Communications, Inc. d/b/a Seventeen Magazine; Darden Restaurants Inc. d/b/a Red Lobster; InterActiveCorp; Kahala Corp. d/b/a Taco Time; Kraft Foods, Inc.; Pfizer, Inc.; QIP Holder LLC d/b/a Quiznos; Red Robin International, Inc.; Rodale, Inc.; Tim Hortons Inc.; Weight Watchers International, Inc.; Which Wich, Inc.; Accord, Inc. d/b/a Taco Time Northwest; Moe's Franchisor, LLC; Davanni's, Inc.; Rubio's Restaurant, Inc.; Sweetgreen, Inc.; Domino's Pizza, Inc.; Starbucks Corporation; ABP Corporation d/b/a Au Bon Pain; CKE Restaurants Inc. d/b/a Hardee's; EPL Intermediate Inc. d/b/a El Pollo Loco; The Television Food Network GP d/b/a Food Network; Roark Capital Group Inc. d/b/a Moe's Southwest Grill, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
|     *Defendants*. | ) | |
| | ) | |

**RODALE, INC.'S ANSWER AND COUNTERCLAIMS TO DIETGOAL INNOVATIONS, LLC'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant and counterclaimant Rodale, Inc. ("Rodale") by and through its undersigned counsel, answers the Second Amended Complaint for Patent Infringement ("Complaint") and asserts counterclaims against counterdefendant DietGoal Innovations LLC ("Dietgoal Innovations"), as follows:

**PARTIES**

1.  Admitted.

2.  Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint.

3.  Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint.

4.  Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint.

5.  Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint.

6.  Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint.

7.  Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint.

8.  Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint.

9. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint.

10. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint.

11. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint.

12. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint.

13. Admitted.

14. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint.

15. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint.

16. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint.

17. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint.

18. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint.

19. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint.

20. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint.

21. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint.

22. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint.

23. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint.

24. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint.

25. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint.

26. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Complaint.

27. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Complaint.

28. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint.

29. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Complaint.

30. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Complaint.

31. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint.

32. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Complaint.

33. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33 of the Complaint.

34. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Complaint.

35. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 of the Complaint.

36. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36 of the Complaint.

37. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Complaint.

38. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38 of the Complaint.

39. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 of the Complaint.

40. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40 of the Complaint.

41. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 of the Complaint.

42. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Complaint.

43. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Complaint.

44. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 of the Complaint.

45. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45 of the Complaint.

46. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46 of the Complaint.

## JURISDICTION AND VENUE

47. Rodale admits that this action purports to arise under the patent laws of the United States.

48. Rodale admits that this Court has subject matter jurisdiction over DietGoal Innovations' patent claims.

49. Rodale admits that this Court has specific personal jurisdiction over it. Rodale denies having committed any acts of infringement in the State of Texas or elsewhere. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 that pertain to other defendants.

50. Rodale denies the allegations in paragraph 50 of the Complaint to the extent they relate to Rodale. Rodale denies that this forum is appropriate pursuant to 28 U.S.C. § 1404 and contends that venue should be transferred to a more convenient forum pursuant to such statute. Rodale denies having a regular or established place of business in this district. Rodale denies having committed or inducing acts of patent infringement in this district or elsewhere. To the

extent the allegations set forth in paragraph 50 relate to other defendants, Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations.

51. Rodale admits that U.S. Patent No. 6,585,516 ("the '516 Patent") was issued on July 1, 2003. Rodale admits that Exhibit A appears to be a copy of the '516 Patent. Rodale admits that the '516 Patent is entitled "Method and System for Computerized Visual Behavior Analysis, Training, and Planning." Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 51 of the Complaint.

52. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 of the Complaint.

**CLAIM 1 – PURPORTED INFRINGEMENT OF U.S. PATENT NO. 6,585,516**

53. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 of the Complaint.

54. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 of the Complaint.

55. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 of the Complaint.

56. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 of the Complaint.

57. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 of the Complaint.

58. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58 of the Complaint.

59. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 of the Complaint.

60. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60 of the Complaint.

61. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61 of the Complaint.

62. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 of the Complaint.

63. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63 of the Complaint.

64. Rodale denies that has been or is now directly infringing any claims of the '516 Patent. Rodale admits that the iPhone application "Eat This, Not That!" may be downloaded from the Apple iTunes website.

65. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65 of the Complaint.

66. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66 of the Complaint.

67. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 67 of the Complaint.

68. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68 of the Complaint.

69. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69 of the Complaint.

70. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 70 of the Complaint.

71. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71 of the Complaint.

72. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72 of the Complaint.

73. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73 of the Complaint.

74. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 74 of the Complaint.

75. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 75 of the Complaint.

76. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 76 of the Complaint.

77. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 77 of the Complaint.

78. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78 of the Complaint.

79. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79 of the Complaint.

80. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 80 of the Complaint.

81. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81 of the Complaint.

82. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82 of the Complaint.

83. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 83 of the Complaint.

84. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 84 of the Complaint.

85. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 85 of the Complaint.

86. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 86 of the Complaint.

87. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87 of the Complaint.

88. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 88 of the Complaint.

89. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 89 of the Complaint.

90. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 90 of the Complaint.

91. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 91 of the Complaint.

92. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 92 of the Complaint.

93. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93 of the Complaint.

94. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 94 of the Complaint.

95. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 95 of the Complaint.

96. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 96 of the Complaint.

97. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 97 of the Complaint.

98. To the extent they relate to Rodale, Rodale denies each and every allegation of Paragraph 98. Rodale denies having infringed, directly or indirectly, any claim of the '516 Patent. Rodale denies that DietGoal Innovations has suffered, is suffering, or will suffer any injury or damages as a result of any action by Rodale. Rodale denies that DietGoal Innovations is entitled to any relief from Rodale. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 98 of the Complaint.

99. Rodale is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 99 of the Complaint.

100. Rodale denies that DietGoal Innovations is entitled to an award of attorneys' fees.

## DEMAND FOR JURY TRIAL

101.    Rodale admits that DietGoal Innovations requests a trial by jury.  Rodale also requests a trial by jury.

## PRAYER FOR RELIEF

102.    Rodale denies that DietGoal Innovations is entitled to any or all of the relief sought by its Prayer for Relief from Rodale.

## FIRST AFFIRMATIVE DEFENSE
### Non-Infringement of the '516 Patent

103.    Rodale has not infringed, and currently does not infringe, the '516 Patent directly, indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, or in any other manner.

## SECOND AFFIRMATIVE DEFENSE
### Invalidity and/or Enforceability of the '516 Patent

104.    The claims of the '516 Patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNTERCLAIMS

105.    Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Rodale for its Counterclaims against DietGoal Innovations, alleges as follows:

## PARTIES

106.    Rodale is a corporation organized and existing under the laws of the state of Pennsylvania with its principal place of business in Emmaus, Pennsylvania.

107.    DietGoal Innovations alleges that it is a limited liability company organized and existing under the laws of the state of Texas.

## JURISDICTION AND VENUE

108. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

109. Because DietGoal Innovations filed suit originally in this court, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c). As set forth above, however, this entire matter should be transferred pursuant to 28 U.S.C. § 1404(a).

## COUNTERCLAIMS

110. DietGoal Innovations claims to be the exclusive licensee with all substantial rights to the '516 Patent.

111. DietGoal Innovations has alleged that certain acts by Rodale infringe the '516 Patent. Rodale has denied that it infringes any valid or enforceable claim of the '516 Patent.

112. An actual controversy exists between Rodale and DietGoal Innovations regarding the validity, enforceability, and infringement of all claims of the '516 Patent.

## FIRST CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement of the '516 Patent

113. Rodale incorporates the allegations in paragraphs 105 through 112 as if fully set forth herein.

114. Rodale has not infringed, and is not infringing, any valid and enforceable claim of the '516 Patent.

## SECOND CAUSE OF ACTION
### Declaratory Judgment of Invalidity and/or Unenforceability of the '516 Patent

115. Rodale incorporates the allegations in paragraphs 105 through 112 as if fully set forth herein.

116. All claims of the '516 Patent are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## EXCEPTIONAL CASE

117. On information and belief, this is an exceptional case entitling Rodale to an award of reasonable attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, DietGoal Innovations' assertion of the '516 Patent against Rodale with the knowledge that the claims of the '516 Patent are not infringed and/or are invalid.

## RELIEF REQUESTED

WHEREFORE, Rodale respectfully requests the following relief:

1. A judgment in favor of Rodale denying DietGoal Innovations all relief requested in its Complaint in this action and dismissing DietGoal Innovations' Complaint with prejudice;

2. A judgment declaring that each claim of the '516 Patent is invalid and/or unenforceable;

3. A judgment declaring that Rodale has not infringed, and is not infringing, any valid and/or enforceable claim of the '516 Patent, and that Rodale has not contributed to or induced, and is not contributing to or inducing, infringement of any valid and/or enforceable claim of the '516 Patent;

4. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Rodale its reasonable attorneys' fees, costs, and expenses; and

5. That the Court award Rodale such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Rodale demands a trial by jury on all issues so triable.

DATE: December 7, 2011                              By: */s/ Kevin A. Smith*_____

                                                                  Kevin A. Smith
                                                                  *kevinsmith@quinnemanuel.com*
                                                                  50 California Street, 22nd Floor
                                                                  San Francisco, California  94111
                                                                  Tel: (415) 875-6600
                                                                  Fax: (415) 875-6700

                                                                  QUINN EMANUEL URQUHART &
                                                                  SULLIVAN, LLP

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 7, 2011.  Any other counsel of record will be served by first class mail.

/s/ Kevin A. Smith