IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:11-cv-418-DF |
| ARBY'S RESTAURANT GROUP, INC., et al., | ) ) ) | **JURY** |
| Defendants. | ) ) ) | |

## ANSWER AND COUNTERCLAIM OF DUNKIN' BRANDS GROUP, INC.

Defendant, Dunkin' Brands Group, Inc. ("Dunkin' Brands") hereby submits the following Answer and Counterclaim to Plaintiff's Second Amended Complaint for Patent Infringement of DietGoal Innovations LLC ("DietGoal").

## PARTIES

1-11. Dunkin' Brands lacks sufficient knowledge and information to form a belief about the truth of the allegations in each respective paragraph 1-11, and therefore denies each and every one of them.

12. Admitted.

13-46. Dunkin' Brands lacks sufficient knowledge and information to form a belief about the truth of the allegations in each respective paragraph 13-46, and therefore denies each and every one of them.

## JURISDICTION AND VENUE

47. Dunkin' Brands admits that that this purports to be an action for patent

infringement under the patent laws of the United States, Title 35, United States Code.

48. Admitted.

49. Dunkin' Brands admits that the court has personal jurisdiction over it, but denies all other allegations of paragraph 49 directed at Dunkin' Brands.  Dunkin' Brands lacks sufficient knowledge and information to form a belief about the truth of the allegations of paragraph 49 directed at any other defendant, and therefore denies them.

50. Dunkin' Brands admits that venue is proper with respect to the allegations directed at it, but denies that venue in the Eastern District of Texas is the most convenient forum for this action, and denies all other allegations of paragraph 50 directed at Dunkin' Brands. Dunkin' Brands lacks sufficient knowledge and information to form a belief about the truth of the allegations of paragraph 50 directed at any other defendant, and therefore denies them.

## THE PATENT-IN-SUIT

51. Dunkin' Brands admits that a purported copy of U.S. Patent No. 6,585,516 (the "'516 patent") is attached to the Complaint as Exhibit A, and that the '516 patent bears an issue date of July 1, 2003, and is entitled "Method and System for Computerized Visual Behavior Analysis, Training and Planning."  All other allegations of paragraph 51 are denied.

52. Dunkin' Brands lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 52, and therefore denies them.

## CLAIM 1 – INFRINGEMENT OF U.S. PATENT NO. 6,585,516

53-62. Dunkin' Brands lacks sufficient knowledge and information to form a belief about the truth of the allegations in each respective paragraph 53-62, and therefore denies each and every one of them.

63. Denied.

64-97. Dunkin' Brands lacks sufficient knowledge and information to form a belief about the truth of the allegations in each respective paragraph 53-62, and therefore denies each and every one of them.

98. Dunkin' Brands denies the allegations of paragraph 98 directed at it. Dunkin' Brands lacks sufficient knowledge and information to form a belief about the truth of the allegations of paragraph 98 directed at any other defendant, and therefore denies them.

99. Paragraph 99 states a conclusion of law to which no response is required. To the extent that paragraph 99 includes any factual allegations, Dunkin' Brands lacks sufficient knowledge and information to form a belief about the truth of the allegations, and therefore denies them.

100. Dunkin' Brands denies any allegations of paragraph 100 directed at it. Dunkin' Brands lacks sufficient knowledge and information to form a belief about the truth of any allegations of paragraph 100 directed at any other defendant, and therefore denies them.

**DEMAND FOR JURY TRIAL**

101. No response is necessary.

**PRAYER FOR RELIEF**

Dunkin' Brands opposes the relief requested and any other relief DietGoal may request.

**AFFIRMATIVE DEFENSES OF DUNKIN' BRANDS**

Incorporating by reference the foregoing paragraphs in their entirety, Dunkin' Brands states the following affirmative defenses and reserves the right to assert additional affirmative defenses after a reasonable opportunity for further investigation and/or discovery:

## FIRST AFFIRMATIVE DEFENSE

DietGoal's complaint against Dunkin' Brands fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Dunkin' Brands does not infringe, and has not infringed, any valid and enforceable claim of the '516 patent under any theory, including directly (whether individually or jointly), indirectly (whether contributorily and/or by inducement), literally, or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

The '516 patent is invalid for failure to meet the requirements of 35 U.S.C. § 1 *et seq.*, including but not necessarily limited to the requirements of §§ 101, 102, 103 and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

DietGoal's claims against Dunkin' Brands are barred in whole or in part by the doctrines of waiver, acquiescence, estoppel, implied license, unclean hands and/or any other equitable remedy.

## FIFTH AFFIRMATIVE DEFENSE

DietGoal's claim for damages against Dunkin' Brands for alleged infringement is barred in whole or in part by its failure to comply with 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

DietGoal is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and will not suffer any irreparable alleged injury.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, DietGoal lacks standing because it does not own all

substantial rights in the '516 patent.

### EIGHTH AFFIRMATIVE DEFENSE

DietGoal is estopped under the doctrines of prosecution history estoppel and/or prosecution history disavowal or disclaimer from construing the claims of the '516 patent to include any product, service, process, method, technology, feature or thing of Dunkin' Brands.

### NINTH AFFIRMATIVE DEFENSE

DietGoal's claims are barred to the extent that Dunkin' Brands and/or other parties are licensed to practice the '516 patent and/or released from claims of infringement of the '516 patent.

### COUNTERCLAIM

Counterclaim-Plaintiff, Dunkin' Brands Group, Inc. ("Dunkin' Brands"), complains and alleges against Counterclaim-Defendant, DietGoal Innovations LLC ("DietGoal"), as follows:

### PARTIES

1. Dunkin' Brands is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, and has a principal place of business at 130 Royall Street, Canton, Massachusetts 02021.

2. DietGoal alleges that it is a Texas Limited Liability Company based in Austin Texas.

### JURISDICTION AND VENUE

3. Dunkin' Brands seeks a declaration of non-infringement and invalidity with respect to the '516 patent pursuant to 28 U.S.C. §§ 2201 *et. seq.* and the patent statute, 35 U.S.C. § 101, *et seq.*

4. This Court has subject matter jurisdiction over Dunkin' Brands' counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5. This Court has personal jurisdiction over DietGoal, *inter alia,* because DietGoal has submitted to personal jurisdiction herein by filing its complaint in this Court.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## COUNT I
### (Declaratory Judgment of Non-Infringement of the '516 Patent)

7. Dunkin' Brands repeats and realleges each allegation set forth in paragraphs 1 through 7 of this counterclaim as if fully set forth herein.

8. Dunkin' Brands seeks a declaratory judgment that it does not infringe, and has not infringed, any valid claim of the '516 patent.

9. A substantial and continuing controversy exists between Dunkin' Brands and DietGoal with regard to the alleged infringement of the '516 patent.

10. Dunkin' Brands does not infringe, and has not infringed, any valid and enforceable claim of the '516 patent under any theory, including directly, indirectly, contributorily and/or by inducement, whether literally or under the doctrine of equivalents, and no product, service, process, method, technology, feature or thing manufactured, used, sold, or offered for sale by Dunkin' Brands infringes, or has infringed any valid and enforceable claim of the '516 patent under any theory, including directly, indirectly, contributorily and/or by inducement, whether literally or under the doctrine of equivalents.

## COUNT II
### (Declaratory Judgment of Invalidity of the '516 Patent)

11. Dunkin' Brands repeats and realleges each allegation set forth in paragraphs 1

through 10 of this counterclaim as if set forth in full herein.

12. Dunkin' Brands seeks a declaratory judgment that the '516 patent is invalid.

13. A substantial and continuing controversy exists between Dunkin' Brands and DietGoal with regard to the validity of the '516 patent.

14. The '516 patent is invalid for failure to meet the requirements of 35 U.S.C. § 1 *et seq.*, including but not necessarily limited to the requirements of §§ 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Dunkin' Brands prays for judgment against DietGoal as follows:

A. That Dunkin' Brands has not infringed any claim of the '516 patent under any theory, including directly or indirectly, literally or under the doctrine of equivalents;

B. That the claims of the '516 patent are invalid;

C. That all relief from Dunkin' Brands requested by DietGoal should be denied;

D. That DietGoal's claims against Dunkin' Brands should be dismissed with prejudice;

E. That judgment should be entered against DiteGoal and in favor of Dunkin' Brands in all respects;

F. That Dunkin' Brands should be awarded its attorneys' fees and costs incurred in this action; and

G. That Dunkin' Brands be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Dunkin' Brands hereby demands trial by jury on all issues so triable.

                                          **DUNKIN' BRANDS GROUP, INC.**

                                          By its attorneys,

Dated: January 13, 2012                           */s/     Michael C. Smith*
                                                               Michael Charles Smith
                                                               Texas State Bar No. 18650410
                                                              Email: michaelsmith@siebman.com
                                                              SIEBMAN BURG PHILLIPS
                                                                 & SMITH LLP
                                                              113 East Austin St.
                                                              P.O. Box 1556
                                                              Marshall, TX 75671
                                                              Telephone: (903) 938-8900
                                                              Fax: (972) 767-4620

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this the 13th day of January, 2012.

                                              */s/ Michael C. Smith*
                                              Michael C. Smith