IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC | § | |
| | § | |
| v. | § | |
| | § | NO. 2:11-cv-00418-DF |
| ARBY'S RESTURANT GROUP, INC et al. | § | |
| | § | JURY TRIAL DEMANDED |
| | § | |

## DINEWISE, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant DineWise, Inc. ("DineWise"), by and through its undersigned counsel, hereby submits its Answer, Affirmative Defenses, and Counterclaims ("Answer") in response to the Second Amended Complaint for Patent Infringement ("Complaint") of Plaintiff DietGoal Innovations LLC ("Plaintiff" or "DietGoal"). Except to the extent expressly admitted herein, DineWise denies each and every allegation in the Complaint. The numbered paragraphs in the Answer correspond to the numbered paragraphs of the Complaint.

## PARTIES

1. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and, therefore, denies those allegations.

2. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and, therefore, denies those allegations.

3. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and, therefore, denies those allegations.

4. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and, therefore, denies those allegations.

5. DineWise lacks information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 5 of the Complaint, and, therefore, denies those allegations.

6.  DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and, therefore, denies those allegations.

7.  DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and, therefore, denies those allegations.

8.  DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and, therefore, denies those allegations.

9.  DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and, therefore, denies those allegations.

10. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and, therefore, denies those allegations.

11. DineWise admits that it has a place of business at 500 Bi County Blvd., Suite 400, Farmingdale, NY 11735.  DineWise further admits that it may be served with process through its President.  DineWise denies the remainder of the allegations of Paragraph 11.

12. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and, therefore, denies those allegations.

13. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and, therefore, denies those allegations.

14. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and, therefore, denies those allegations.

15. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and, therefore, denies those allegations.

16. DineWise lacks information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 16 of the Complaint, and, therefore, denies those allegations.

17. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and, therefore, denies those allegations.

18. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and, therefore, denies those allegations.

19. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and, therefore, denies those allegations.

20. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and, therefore, denies those allegations.

21. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and, therefore, denies those allegations.

22. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and, therefore, denies those allegations.

23. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and, therefore, denies those allegations.

24. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and, therefore, denies those allegations.

25. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and, therefore, denies those allegations.

26. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and, therefore, denies those allegations.

27. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and, therefore, denies those allegations.

28. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and, therefore, denies those allegations.

29. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and, therefore, denies those allegations.

30. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and, therefore, denies those allegations.

31. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and, therefore, denies those allegations.

32. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and, therefore, denies those allegations.

33. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and, therefore, denies those allegations.

34. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and, therefore, denies those allegations.

35. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and, therefore, denies those allegations.

36. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and, therefore, denies those allegations.

37. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and, therefore, denies those allegations.

38. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and, therefore, denies those allegations.

39. DineWise lacks information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 39 of the Complaint, and, therefore, denies those allegations.

40. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and, therefore, denies those allegations.

41. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and, therefore, denies those allegations.

42. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and, therefore, denies those allegations.

43. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and, therefore, denies those allegations.

44. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and, therefore, denies those allegations.

45. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and, therefore, denies those allegations.

46. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and, therefore, denies those allegations.

**JURISDICTION AND VENUE**

47. DineWise admits that this action purports to arise under the patent laws of the United States of America, Title 35, United States Code.  Dinewise denies the remainder of the allegations of Paragraph 47.

48.  DineWise admits that this Court has subject matter jurisdiction over Dietgoal's patent claims.  Dinewise denies the remainder of the allegations of Paragraph 48.

49.  To the extent the allegations in Paragraph 49 relate to DineWise, DineWise admits that it is subject to personal jurisdiction in this District. DineWise denies the remainder of the

allegations of Paragraph 49 that are directed to DineWise.  DineWise lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 as to the other defendants, and, therefore, denies those allegations.

50. To the extent the allegations of Paragraph 50 related to DineWise, DineWise admits that venue is proper in this District but denies that the Eastern District of Texas is the most convenient forum for this action and that this action should be transferred pursuant to 28 U.S.C. §1404.  DineWise denies that it has commited and/or induced acts of infringement in this District elsewhere.  DineWise denies the remainder of the allegations directed at DineWise. DineWise lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 as to the other defendants, and, therefore, denies those allegations.

## THE PATENT-IN-SUIT

51.  DineWise admits that United States Patent No. 6,585,516 (the "'516 Patent") is entitled "Method and System for Computerized Visual Behavior Analysis, Training and Planning."  DineWise further admits that the '516 Patent issued on July 1, 2003. DineWise also admits that Exhibit A purports to be a copy of the '516 Patent.  DineWise denies the remainder of the allegations of Paragraph 51.

52. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, and, therefore, denies those allegations.

## CLAIM 1 – INFRINGEMENT OF U.S. PATENT NO. 6,585,516

53. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and, therefore, denies those allegations.

54. DineWise lacks information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 54 of the Complaint, and, therefore, denies those allegations.

55. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and, therefore, denies those allegations.

56. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and, therefore, denies those allegations.

57. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, and, therefore, denies those allegations.

58. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint, and, therefore, denies those allegations.

59. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, and, therefore, denies those allegations.

60. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint, and, therefore, denies those allegations.

61. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, and, therefore, denies those allegations.

62. Denied.

63. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint, and, therefore, denies those allegations.

64. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint, and, therefore, denies those allegations.

65. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint, and, therefore, denies those allegations.

66. DineWise lacks information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 66 of the Complaint, and, therefore, denies those allegations.

67. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint, and, therefore, denies those allegations.

68. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint, and, therefore, denies those allegations.

69. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint, and, therefore, denies those allegations.

70. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint, and, therefore, denies those allegations.

71. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint, and, therefore, denies those allegations.

72. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint, and, therefore, denies those allegations.

73. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint, and, therefore, denies those allegations.

74. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint, and, therefore, denies those allegations.

75. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint, and, therefore, denies those allegations.

76. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint, and, therefore, denies those allegations.

77. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint, and, therefore, denies those allegations.

78. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, and, therefore, denies those allegations.

79. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint, and, therefore, denies those allegations.

80. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint, and, therefore, denies those allegations.

81. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint, and, therefore, denies those allegations.

82. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint, and, therefore, denies those allegations.

83. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint, and, therefore, denies those allegations.

84. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint, and, therefore, denies those allegations.

85. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint, and, therefore, denies those allegations.

86. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint, and, therefore, denies those allegations.

87. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint, and, therefore, denies those allegations.

88. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint, and, therefore, denies those allegations.

89. DineWise lacks information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 89 of the Complaint, and, therefore, denies those allegations.

90. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint, and, therefore, denies those allegations.

91. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint, and, therefore, denies those allegations.

92. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint, and, therefore, denies those allegations.

93. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint, and, therefore, denies those allegations.

94. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint, and, therefore, denies those allegations.

95. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint, and, therefore, denies those allegations.

96. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint, and, therefore, denies those allegations.

97. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint, and, therefore, denies those allegations.

98. To the extent the allegations in Paragraph 98 related to DineWise, DineWise denies such allegations.  Dinewise lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 as to the other defendants, and, therefore, denies those allegations.

99. DineWise lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint, and, therefore, denies those allegations.

100. To the extent the allegations in Paragraph 100 related to DineWise, DineWise denies such allegations. Dinewise lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 as to the other defendants, and, therefore, denies those allegations.

## DEMAND FOR JURY TRIAL

101. DineWise admits that DietGoal purports to request a trial by jury.

## PRAYER FOR RELIEF

Plaintiff is not entitled to any of the relief it seeks in the Prayer for Relief.

## DINEWISE'S AFFIRMATVE DEFENSES

DineWise states its affirmative defenses to Plaintiff's Second Amended Complaint below. DineWise reserves the right to amend its Answer to assert additional affirmative defenses, including instances of inequitable conduct, consistent with the evidence and facts yet to be determined in this case.

## FIRST AFFIRMATIVE DEFENSE

1. DineWise has not and does not infringe the '516 Patent directly, indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, or in any other manner.

## SECOND AFFIRMATIVE DEFENSE

2. The '516 Patent and all of its claims are invalid for failing to satisfy one or more requirements of the patent laws of the United States, 35 U.S.C. §§ 1 et seq., including, but not limited to, 35 U.S.C. §101, 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE

3.  Upon information and belief, Dietgoal's claims for damages for purported patent infringement are limited by 35 U.S.C. § 287.

### FOURTH AFFIRMATIVE DEFENSE

4.  Dietgoal's claims against DineWise are barred in whole or in part by the doctrines of waiver, acquiescence, estoppel, implied license, unclean hands and/or any other equitable remedy.

### FIFTH AFFIRMATIVE DEFENSE

5.  To the extent DietGoal asserts DineWise indirectly infringes, either by contributory infringement or inducement of infringement, DineWise is not liable to DietGoal for the acts performed before DineWise allegedly knew its actions would cause direct infringement.

### SIXTH AFFIRMATIVE DEFENSE

6.  DietGoal's claims against DineWise are barred by laches and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

7.  DietGoal's patent infringement claims are barred, at least in part, by the time limitation on damages, 35 U.S.C. § 286.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Upon information and belief, Plaintiff has failed to plead and meet the requirements of enhanced damages or attorney's fees or costs.

### RESERVATION OF AFFIRMATIVE DEFENSES

9.  DineWise hereby reserves the right to supplement with additional affirmative defenses as

discovery proceeds in this matter.

## COUNTERCLAIMS

1.   This is a civil action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that U.S. Patent No. 6,585,516 (the "'516 Patent") has not been and is not presently infringed by DineWise and that the '516 Patent is invalid.

## PARTIES

2.   DineWise is a corporation organized and existing under the laws of the State of Nevada with a principal place of business in Farmingdale, NY.

3.   On information and belief based upon Dietgoal's allegations in its Second Amended Complaint, DietGoal has alleged that it is a Texas limited liability company based in Austin, Texas.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5.   Because DietGoal Innovations filed suit originally in this court, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c). As set forth above, however, this entire matter should be transferred pursuant to 28 U.S.C. § 1404(a).

## COUNT I
### (Declaratory Judgment of Non-Infringement of the '516 Patent)

6.   DineWise incorporates here by reference the allegations in its Affirmative Defenses and in Paragraphs 1-6 above.

7. This Counterclaim arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. Based on DietGoal's filing of this action and DineWise's Affirmative Defenses, an actual controversy now exists between DineWise and DietGoal regarding the infringement of all claims of the '516 Patent.

9. DineWise has not and does not infringe any valid and enforceable claim of the '516 Patent.

10. DineWise is entitled to a declaratory judgment that the claims of the '516 Patent have not been and are not being, infringed by DineWise.

## COUNT II
### (Declaratory Judgment of Invalidity of the '819 Patent)

11. DineWise incorporates here by reference the allegations in its Affirmative Defenses and in Paragraphs 1-11 above.

12. This Counterclaim arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

13. Based on DietGoal's filing of this action and DineWise's Affirmative Defenses, an actual controversy now exists between DineWise and DietGoal regarding the validity of all claims of the '516 Patent.

14. The '516 Patent and all of its claims are invalid for failing to satisfy one or more of the requirements of the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

15. There is a justiciable controversy between DineWise and DietGoal as the validity of the '516 Patent.

16. DineWise is entitled to a declaratory judgment that the '516 Patent and all of its claims are invalid.

## DEMAND FOR JURY TRIAL

DineWise demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, DineWise respectfully requests the following relief:

1.  An Order dismissing the Second Amended Complaint filed by DietGoal in its entirety with prejudice;

2.  A Declaratory Judgment in favor of DineWise and against DietGoal that DineWise has not infringed and is not infringing U.S. Patent No. 6,585,516.

3.  A Declaratory Judgment in favor of DineWise and against DietGoal declaring that the U.S. Patent No. 6,585,516 and all of its claims are invalid;

4.  An award to DineWise of its costs in defending against the claims asserted by DietGoal;

5.  An Order deeming this case exceptional and awarding DietGoal its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

6.  An award to DineWise of such other and further relief as the Court may deem just and proper.


January 31, 2012                         Respectfully submitted,

                                         DINEWISE INC.

                                         By: /s/ *Stephen F. Schlather*
                                         Stephen F. Schlather
                                         Texas Bar No. 24007993
                                         John J. Edmonds
                                         Texas Bar No. 789758
                                         COLLINS, EDMONDS & POGORZELSKI, PLLC

1616 S. Voss Rd., Suite 125
Houston, Texas 77057
Telephone: (713) 364-2371
Facsimile: (832) 415-2535
sschlather@cepiplaw.com
jedmonds@cepiplaw.com

CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

January 31, 2012                         /s/ Stephen F. Schlather
                                         Stephen F. Schlather