# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **DIETGOAL INNOVATIONS LLC** <br><br> vs. <br><br> **ARBY'S RESTAURANT GROUP, INC., ET AL.** | § § § § § § | **Cause No. 2:11cv418** |
| **DIETGOAL INNOVATIONS LLC** <br><br> vs. <br><br> **RODALE, INC.** | § § § § § | **Cause No. 2:12cv560** |
| **DIETGOAL INNOVATIONS LLC** <br><br> vs. <br><br> **DOMINO'S PIZZA, INC.** | § § § § § | **Cause No. 2:12cv561** |
| **DIETGOAL INNOVATIONS LLC** <br><br> vs. <br><br> **WEGMANS FOOD MARKET, INC.** | § § § § § | **Cause No. 2:12cv562** |
| **DIETGOAL INNOVATIONS LLC** <br><br> vs. <br><br> **HEARST COMMUNICATIONS, INC. d/b/a SEVENTEEN MAGAZINE** | § § § § § § | **Cause No. 2:12cv563** |
| **DIETGOAL INNOVATIONS LLC** <br><br> vs. <br><br> **QIP HOLDER LLC d/b/a QUIZNOS** | § § § § § | **Cause No. 2:12cv564** |

| | |
|---|---|
| **DIETGOAL INNOVATIONS LLC** § § | |
| vs. § § § | **Cause No. 2:12cv565** |
| **IAC/INTERACTIVECORP., DAILY BURN,** § **INC., and TELEVISION FOOD NETWORK** § **G.P d/b/a FOOD NETWORK** § | |

| | |
|---|---|
| **DIETGOAL INNOVATIONS LLC** § § | |
| vs. § § | **Cause No. 2:12cv566** |
| **DUNKIN' BRANDS GROUP, INC.** § § | |

| | |
|---|---|
| **DIETGOAL INNOVATIONS LLC** § § | |
| vs. § § | **Cause No. 2:12cv567** |
| **CHICK-FIL-A, INC.** § § | |

| | |
|---|---|
| **DIETGOAL INNOVATIONS LLC** § § | |
| vs. § § | **Cause No. 2:12cv568** |
| **EL POLLO LOCO INC. formerly known as** § **EPL Intermediate Inc.** § § | |

## **MEMORANDUM OPINION AND ORDER**

The above-entitled and numbered cause of action (2:11cv418) was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following pending motions are before the Court:(1) Defendant Rodale, Inc.'s Motion to Sever and Transfer to the Eastern District of Pennsylvania (Docket Entry #230); (2) Domino's Pizza, Inc.'s Motion to Sever the Claims and Transfer Venue (Docket Entry #283); (3) Defendant Wegmans Food Market, Inc.'s Opposed Motion to Dismiss for Lack of Personal Jurisdiction and Alternative Motion to Sever and Transfer (Docket Entry #s 286, 287); (4) Defendant Hearst Communications,

Inc.'s Motion to Dismiss or in the Alternative to Sever and Transfer to the Southern District of New York (Docket Entry #292); (5) Defendant QIP Holder LLC d/b/a Quiznos' Motion to Dismiss or in the Alternative to Sever the Claims and Transfer Venue (Docket Entry #294); (6) The New York Defendants' Motion to Transfer Venue to the Southern District of New York (Docket Entry #307); (7) The New York Defendants' Motion to Dismiss for Improper Joinder (Docket Entry #308); (8) El Pollo Loco's Motion to Sever and in Addition to or in the Alternative to Dismiss for Improper Venue or Alternative Motion to Transfer Venue to the Central District of California (Docket Entry # 373); (9) Defendant Dunkin' Brands Group, Inc.'s Motion to Sever and Transfer to the District of Massachusetts (Docket Entry #514); and (10) Defendant Chick-Fil-A, Inc.'s Motion to Sever and Motion to Transfer Venue to the Northern District of Georgia (Docket Entry # 520). For the reasons stated herein, these motions are **GRANTED IN PART** to the extent that they request severance.

## BACKGROUND

In each of their motions, Defendants assert joinder is not proper in this case. Relying on the Federal Circuit Court of Appeal's ruling in *In re EMC Corp.*, 677 F.3d 1351, (Fed. Cir. 2012), Defendants argue Plaintiff cannot meet the "same transaction, occurrence, or series of transactions or occurrences" joinder requirement of Federal Rule of Civil Procedure 20. Defendants assert Plaintiff fails to allege any relationship between them or between the allegedly infringing acts. Defendants argue the Court should sever each defendant into a separate action and either dismiss or transfer each defendant to a different venue that is more convenient under 28 U.S.C. § 1404(a).

## LEGAL STANDARDS

"On motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. However, because Federal Rule of Civil Procedure 21 does not provide any

standards to determine if parties are misjoined, "courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citation omitted). Rule 20(a)(2) states:

> Persons...may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2). "Rule 20 clearly contemplates joinder of claims arising from a 'series of transactions or occurrences' – a single transaction is not required." *In re EMC Corp.*, 677 F.3d at 1356.

Under the "transaction-or-occurrence" test, the first requirement of Rule 20, the fact that the defendants act independently of each other "does not preclude joinder as long as their actions are part of the 'same transaction, occurrence, or series of transactions or occurrences.'" *Id*. The existence of a single common question of law or fact is not sufficient to satisfy this requirement. *Id*. at 1357. The Federal Circuit held that the transaction-or-occurrence test requires a "logical relationship" between the claims, similar to the transaction-or-occurrence test under Federal Rule of Civil Procedure 13(a) for compulsory counterclaims. *Id*. at 1357-58 (citations omitted). "The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *Id*. at 1358. Any allegedly infringing acts must share an aggregate of operative facts in order to be properly joined. *Id*.

[J]oinder is not appropriate where different products or processes are involved. Joinder of independent defendants is only appropriate where the accused products or processes are the same in respects relevant to the patent. The sameness of the accused products or processes is not sufficient.

4

Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts. To be part of the "same transaction" requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. *Id*. at 1359.

The Federal Circuit also included the following pertinent factual considerations for courts to consider when determining whether the joinder test is satisfied:

> [W]hether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology agreements between the defendants, overlap of the products' or processes' development and manufacture, and whether the case involves a claim for lost profits.

*Id*. at 1359-60. The Court has considerable discretion in weighing the relevant factors. *Id*. at 1360.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). Further, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *In re EMC*, 677 F.3d at 1360 (quoting *Acevedo*, 600 F.3d at 521).

## DISCUSSION

### Severance

In its most recent response, Plaintiff indicates it is not opposed to the severance of its claims against Defendants. However, pursuant to Federal Rule of Civil Procedure 42, Plaintiff asserts it claims against Defendant should be consolidated for pretrial purposes with the other co-pending

5

lawsuits brought by Plaintiff involving the same patent and issues.

In order to be properly joined, Defendants' actions must be part of the same transaction, occurrence, or series of transactions or occurrences. FED. R. CIV. P. 20. This requires a logical relationship between the claims, meaning there must be "substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *In re EMC*, 677 F.3d at 1358. Any allegedly infringing acts must share an aggregate of operative facts in order to be properly joined. *Id*. Other factual considerations the court may consider include (1) whether the alleged acts of infringement occurred during the same time period, (2) the existence of some relationship among the defendants, (3) the use of identically sourced components, licensing, or technology agreements between the defendants, (3) overlap of the products' or processes' development and manufacture, and (4) whether the case involves a claim for lost profits. *Id*. at 1359-60.

Here, Plaintiff does not assert any facts indicating there is a logical relationship between these defendants. Further considering Plaintiff's lack of opposition to the requested severance, the Court finds there are no shared aggregate of operative facts and no logical relationship between moving defendants. Therefore, the Court finds the moving defendants should be severed from the present litigation.

In conclusion, the Court finds that the creation of nine additional separate lawsuits is appropriate based on the lack of a logical relationship between the claims against each moving defendant. Under Rule 20, the moving defendants were improperly joined and should be severed into their own cases. Accordingly, the Court orders that claims against the moving defendants be severed into separate causes of action as detailed below.

**Consolidation**

The Court has considerable discretion to consolidate cases in the interest of ensuring judicial economy or safeguarding principles of fundamental fairness. *In re EMC*, 677 F.3d at 1360. Plaintiff urges the Court to exercise its discretion and consolidate these cases. Plaintiff asserts judicial economy will be best served by coordinated efforts not only during the claim construction process abut also during the fact discovery period.

The Court has limited resources and strives to implement efficient case-management strategies, especially in cases involving the same patent(s). As a result of the Leahy-Smith America Invents Act, plaintiffs now file multiple single-defendant or defendant group cases involving the same patents. Although this presents administrative challenges for the court and Federal Rule of Civil Procedure 42 allows for consolidation of certain common issues when there is a common issue of law or fact, the undersigned has had success managing these types of cases through a combined claim construction process and similar scheduling deadlines rather than through formal consolidation.

Thus, at this time, the Court declines to consolidate the severed cases with this case.

**Motions to Dismiss or to Transfer Venue**

Motions to dismiss or to transfer venue under 28 U.S.C. § 1404(a) will be considered in each individual severed case. Each Defendant or Defendant group has filed a separate motion to dismiss or to sever and transfer, which set out the facts specific to that Defendant. Each of these motions will be considered separately as to the Defendant or Defendant group in that particular case.

## CONCLUSION

For these reasons, Defendants' motions are **GRANTED IN PART** to the extent that their

7

causes of action are severed from the original filed action. The Court **ORDERS** that Plaintiff's claims pertaining to the following Defendants or Defendant groups be severed into separate causes of action:

1. Rodale, Inc.(Cause No. 2:12cv560);

2. Domino's Pizza, Inc.(Cause No. 2:12cv561);

3. Wegmans Food Market, Inc.(Cause No. 2:12cv562);

4. Hearst Communications, Inc.(Cause No. 2:12cv563);

5. QIP Holder LLC d/b/a Quiznos (Cause No. 2:12cv564);

6. The New York Defendants consisting of IAC/InterActiveCorp , Daily Burn, Inc., and Television Food Network G.P.(Cause No. 2:12cv565);

7. Dunkin' Brands Group, Inc.(Cause No. 2:12cv566);

8. Chick-Fil-A, Inc. (Cause No. 2:12cv567); and

9. El Pollo Loco (Cause No. 2:12cv568).

It is further

**ORDERED** that the filing fee is waived for the severed cases. The Clerk of the Court shall docket in each severed case this order as well as Plaintiff's Second Amended Complaint (Docket Entry #78) and all relevant responsive briefs thereto. The Clerk of the Court shall also docket the following pending motions and all responsive briefing thereto in each newly-filed severed case and terminate each motion in the Cause No. 2:11cv418:

1. Defendant Rodale, Inc.'s Motion to Transfer to the Eastern District of Pennsylvania (Docket Entry #s 230, 368, 382, 396)(Cause No. 2:12cv560);

2. Domino's Pizza, Inc.'s Motion to Transfer Venue (Docket Entry #s 283, 339, 374, 395)(Cause No. 2:12cv561);

3. Defendant Wegmans Food Market, Inc.'s Opposed Motion to Dismiss for Lack of Personal Jurisdiction and Alternative Motion to Transfer (Docket Entry #s 286, 287, 333, 375, 392)(Cause No. 2:12cv562);

4. Defendant Hearst Communications, Inc.'s Alternative Motion to Transfer to the Southern District of New York (Docket Entry #s 292-2, 334, 376, 391)(Cause No. 2:12cv563);

5. Defendant QIP Holder LLC d/b/a Quiznos' Alternative Motion to Transfer Venue (Docket Entry #294-2, 338, 371, 390)(Cause No. 2:12cv564);

6. The New York Defendants' Motion to Transfer Venue to the Southern District of New York (Docket Entry #307, 335, 378, 389, )(Cause No. 2:12cv565);

7. El Pollo Loco's Motion to Dismiss for Improper Venue or Alternative Motion to Transfer Venue to the Central District of California (Docket Entry #s 373, 408, 420, 430)(Cause No. 2:12cv568);

8. Defendant Dunkin' Brands Group, Inc.'s Motion to Transfer to the District of Massachusetts (Docket Entry #s 514, 533)(Cause No. 2:12cv566); and

9. Defendant Chick-Fil-A, Inc.'s Motion to Transfer Venue to the Northern District of Georgia (Docket Entry #s 520, 534)(Cause No. 2:12cv567).

Finally, it is

**ORDERED** that Defendant Hearst Communications, Inc.'s Motion to Dismiss (Docket Entry #292-1); Defendant QIP Holder LLC d/b/a Quiznos' Motion to Dismiss (Docket Entry #294-1); and The New York Defendants' Motion to Dismiss for Improper Joinder (Docket Entry #308) are **DENIED**.

**SIGNED this 30th day of August, 2012.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE