# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 2:11-cv-00418-MHS |
| v. | § § | Jury Trial Demanded |
| ARBY'S RESTAURANT GROUP, INC.; *et al.*, | § § § | |
| *Defendants.* | § | |

**PLAINTIFF DIETGOAL INNOVATIONS LLC'S SECOND**
**DEPOSITION NOTICE TO DEFENDANT STARBUCKS CORPORATION**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to FED. R. CIV. P. 30(b)(6), Plaintiff DietGoal Innovations LLC ("DietGoal") will take the oral deposition of Starbucks Corporation ("Starbucks") on October 25, 2013, at 9:30 a.m. at ProMotion Holdings, LLC, 2200 Sixth Avenue, Suite 425, Seattle, Washington 98121, or other mutually agreed upon date and location.

Pursuant to Rule 30(b)(6), Starbucks shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Schedule A hereto. Starbucks shall identify the designee of each topic to Plaintiff's counsel in writing at least five business days in advance of the deposition.

Please take further notice that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions under FED. R. CIV. P. 28, and will continue for day to day until completed, Saturdays, Sundays, and legal holidays excepted. This deposition will be recorded by stenographic means, audiotape, and/or videotape.

Dated: September 26, 2013  Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By: */s/ Michael D. Ricketts*
Christopher M. Joe (Lead Counsel)
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Mark D. Perantie
State Bar No. 24053647
Mark.Perantie@BJCIPLaw.com
Niky Bukovcan
State Bar No. 24078287
Niky.Bukovcan@BJCIPLaw.com
Monica Tavakoli
State Bar No. 24065822
Monica.Tavakoli@BJCIPLaw.com
Michael D. Ricketts
State Bar No.24079208
Mickey.Ricketts@BJCIPLaw.com
Timothy J.H. Craddock
State Bar No. 24082868
Tim.Craddock@BJCIPLaw.com

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone:   (214) 466-1279
Facsimile:   (214) 635-1830

## THE LAW OFFICES OF DAMON YOUNG

Damon M. Young
State Bar No. 2176700
damon@dylawoffices.com

4122 Texas Boulevard
P.O. Box 1897*
Texarkana, TX.  75503 (*04*)
Telephone:     (903) 794-1303
Facsimile:     (903) 792-5098

**ATTORNEYS FOR PLAINTIFF
DIETGOAL INNOVATIONS LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 26th day of September, 2013.  Any other counsel of record will be served by facsimile transmission.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael D. Ricketts*
　　　　　　　　　　　　　　　　　　　　　　　Michael D. Ricketts

# I. DEFINITIONS PERTAINING TO SCHEDULE A

Notwithstanding any definition set forth below, each word, term or phrase used in Schedule A is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In Schedule A, the following terms are to be given their ascribed definitions:

1. The term "Present Lawsuit" means the lawsuit listed in the above caption, pending in the U.S. District Court for the Eastern District of Texas.

2. The term "Patent-in-suit" or "the '516 Patent" means U.S. Patent No. 6,585,516.

3. The term "you," "your," or "Defendant" means each party to this litigation to which this deposition notice is directed, respectively, and further includes their past and present direct and indirect parents, subsidiaries, affiliates, divisions, business units, and predecessors in interest.

4. "Plaintiff" or "DietGoal" means DietGoal Innovations LLC and its past and present direct and indirect parents, subsidiaries, affiliates, divisions, business units, predecessors in interest, and further includes their respective past and present officers, directors, agents, employees, members and representatives, and all other persons acting on behalf of any of them.

5. "Document" and "documents" shall have the broadest possible meaning allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes (without limitation) any writing of any kind, including originals and all non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise). The terms "Document" and "Document(s)" shall also include, without limitation, the following items, whether printed or reproduced by any process or written or produced by hand or stored in computer memory, magnetic or hard disk or other data storage medium and whether or not claimed to be privileged, confidential or otherwise excludable from discovery, namely: notes, letters, correspondence, communications, e-mails, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, software and/or firmware code, illustrations, product descriptions, product analyses, requests for proposals, documents related to proposed or actual product improvements or changes, users manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides, presentation or demonstration materials, photographs, video images, software flow charts or descriptions or specifications, product functional descriptions or specifications, minutes or records of meetings, summaries of interviews, reports or investigations, opinions or reports of consultants, patents, patent applications (whether issued, pending, or abandoned), reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press or news releases, articles, archived websites, drafts of documents and all other materials fixed in a tangible medium of whatever kind known to you or in your possession, custody or control. The definition also includes information stored or recorded by any electronic means, including, without limitation, in a computer, hard drive, compact disc, floppy disk, diskette, tape, videotape, record, cassette, electronic mail or voice mail, any other electronic recording or other data compilation from which information can be obtained or translated, or any matters defined in Rule 1001 of the Federal Rules of Evidence. Any such document bearing on

any sheet (front or back), margin, attachment or enclosure thereof, any marks, such as, without limitation, initials, stamped initials, comments, or notations of any character, which are not part of the original text or reproduction thereof, is to be considered and produced as a separate document.

6. The term "communication" shall mean, without limitation, the exchange or transmission of words, ideas, or information from one or more persons to another person or persons, whether accomplished person to person, by telephone, in writing, via facsimile, via electronic mail, or through any other medium, and shall include but is not limited to discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, and statements or questions.

7. The term "Person" or "Persons" means and includes, without limitation, any natural person, any business, legal, or governmental entity or association, corporation, company, proprietorship, partnership, joint venture, association, firm, or any other entity recognized in law and shall include the past or present predecessors, successors, subsidiaries, divisions and/or affiliates thereof and all past or present owners, officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other natural person or entity acting on behalf of any of the foregoing.

8. The terms "relating" or "related" mean in any way, directly or indirectly, in whole or part, relating to, concerning, referring to, discussing, mentioning, regarding, pertaining to, describing, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, modifying, amending, confirming, endorsing, representing, supporting, qualifying, terminating, revoking, refuting, undermining, canceling, contradicting or negating.

9. The terms "all" and "each" shall be construed as "and," "each," and "and/or."

10. The term "any" should be understood in either its most or least inclusive sense as will bring within scope of the discovery request all responses that might otherwise be construed to be out of its scope.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

12. The use of the singular form of any word includes the plural and vice versa.

13. "Affiliate" is defined as a person that directly, or indirectly, through one or more intermediaries, controls, or is controlled by, or is under common control with, the person specified. Relative to the definition of "affiliate," control means the possession, direct or indirect, or the power to direct or cause the direction of management and/or policies of a person, whether through the ownership of voting securities, by contract, or otherwise.

14. "Accused Instrumentalities" means any product, service or method or apparatus accused of infringement in this lawsuit, including in DietGoal's Complaint and/or Infringement Contentions.

15. As used herein, the terms "identify" and "identification" shall mean, in the case of a natural person, to state that person's full name, current or last known address, current or last known employer and telephone number. In the case of a non-natural person, the term "identify" shall mean to state the entity's complete name and address of its principal place of business. In the case of a document, the terms "identify" and "identification" mean to state the: (i) type of document, (ii) general subject matter of the document, (iii) author of the document, (iv) recipients of the document, and (v) date of generation of the document.

## II. SCHEDULE A
## DESIGNATION OF MATTERS ON WHICH EXAMINATION IS REQUESTED

1. The date of first use of each of the Accused Instrumentalities and the date of first use of any predecessor version to each of the Accused Instrumentalities.

2. The design, architecture, operation, and functionality of the Accused Instrumentalities, including all versions of the same since 2005.

3. The identity and location of any documents relating to Topic Number 2.

4. The development, testing, implementation, and use of the Accused Instrumentalities, including but not limited to:

    a. The date on which the design and development of the Accused Instrumentalities began;

    b. The reason and purpose for implementation of the Accused Instrumentalities and each of its associated features;

    c. The reason and purpose for providing meal builder and/or nutritional calculator based services through the use of the Accused Instrumentalities;

    d. The necessary environment and requirements for testing of the Accused Instrumentalities;

    e. The variances in the different phases of testing, if any; and

    f. The identity of all employees and/or third parties involved in the development, testing, implementation, and use of the Accused Instrumentalities.

5. The identity and location of any documents, including any communications, relating to Topic Number 4.

6. The date of each substantial change or modification that has been made to each of the Accused Instrumentalities, if any, and reason for the change or modification.

7. The differences in the function and operation of each version of the Accused Instrumentalities as a result of any substantial change or modification.

8. The identity of all third party products, software, and/or services used in association with the Accused Instrumentalities.

9. The identity and location of any documents relating to Topic Number 8, including any contracts, agreements, invoices, manuals, instructions, and/or technical documents.

10. The operation, functionality, and/or purpose of any third party products, software, and/or services used in connection with the Accused Instrumentalities.

11. Defendant's efforts to search for, and collect, Source Code for production to Plaintiff in this Present Lawsuit, including, but not limited to:

    a. The identity of individuals that participated in the search for and collection of Source Code relevant to the subject matter of this Present Lawsuit;

    b. The role of each individual who participated in the search for and collection of Source Code relevant to the subject matter of this Present Lawsuit;

    c. The location of the Source Code relevant to the subject matter of this Present Lawsuit.

12. The authenticity of any Source Code produced or made available to Plaintiff.

13. The authenticity of Plaintiff's client side Source Code available through internet browsers, such as Google Chrome, Safari, Firefox, and/or Microsoft's Internet Explorer.

14. The design, operation, and functionality of Defendant's Source Code associated with each of the Accused Instrumentalities and its operation, functionality, and purpose relevant to Defendant's website as a whole.

15. The complete history and development of Defendant's Source Code for each of the Accused Instrumentalities.

16. The design, operation, and functionality of Defendant's Source Code as cited in Plaintiff's Infringement Contentions.

17. The identity of all persons or entities who are or have been employed by or worked at the request of Defendant to design, develop, test, produce, enhance, or maintain Defendant's Source Code relevant to the subject matter of this Present Lawsuit since 2005.

18. The existence, identity, and location of every document, including every design document, requirements document, specification, or other such document created during the development or design of Defendant's Source Code associated with the Accused Instrumentalities.

19. The identity, location, design, and operation of each database associated with the Accused Instrumentalities, including but not limited to:

    a. The identity of each database server used to store and access each database associated with the Accused Instrumentalities;

    b. The type and structure of each database associated with the Accused Instrumentalities;

      c.      The database tables, worksheets, and/or spreadsheets that contain data used in connection with the Accused Instrumentalities;

      d.      The queries and/or data manipulation commands used to obtain information associated with the Accused Instrumentalities;

      e.      The process of obtaining information from each of the databases associated with the Accused Instrumentalities and delivering such information to Defendant's and/or third party servers.

      f.      The process of obtaining information from each of the databases associated with the Accused Instrumentalities and delivering such information to end users.

20. The identity, location, design, and operation of each server, whether belonging to the Defendant or to a third party, associated with the Accused Instrumentalities.

21. The interaction between Defendant's servers associated with the Accused Instrumentalities and any third party products, software, servers, and/or services.

22. The identity, location, and functionality of any third parties that host Defendant's website, including any pages associated with the Accused Instrumentalities.

23. The purpose, operation, and functionality of any modules, frames, global footers, headers, and/or sidebars that appear on the webpage(s) containing Defendant's Accused Instrumentalities.

24. The factual basis for the Defendant's denial of Plaintiff's claims of infringement, including those set forth in Plaintiff's Infringement Contentions as well as based upon the Court's previous claim construction and any new construction that may issue as of the date of the taking of the present deposition.

25. The identity and location of any documents relating to topic number 24.

26. The features and operation of Defendant's Accused Instrumentalities that demonstrate the following:

      a.      A system of computerized meal planning;

      b.      A user interface;

      c.      A database of food objects organizable into meals;

      d.      A picture menu;

      e.      A meal builder;

   f.  The user can change the content of said meals;

   g.  Viewing the resulting meals' impact on customized eating goals;

   h.  Food images;

   i.  A food database;

   j.  A meal database;

   k.  Allowing a user to choose meals from one or more picture menus;

   l.  Allowing a user to save the meals; and

   m.  Allowing the user to decide whether or not to change one or more meals comprising food objects.

 27. Defendant's attempts to design around the Patent-in-Suit, including, but not limited to:

   a.  The circumstances behind such design around;

   b.  Any and all persons involved in such design around, including the identity of all employees, third parties, and/or outside consultants involved; and

   c.  Any research memoranda or information obtained by, obtained for, and/or relied on in such design around.

 28. Defendant's efforts to search for and collect documents (including electronic and email documents) in this Present Lawsuit, including, but not limited to:

   a.  The identity of individuals whose hard copy or electronic documents and email were searched;

   b.  The documents collected from each individual;

   c.  The identity of individuals that participated in the search for and collection of documents relevant to the subject matter in this Present Lawsuit;

   d.  The identity and types of databases or network servers searched, including how the database or server was accessed, and any reports prepared from information on the database or server; and

   e.  The location of documents and electronic records relevant to this subject matter of this Present Lawsuit.